[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 554.]

IN RE APPLICATION OF STAGE.

[Cite as *In re Application of Stage*, 1998-Ohio-338.]

*Attorneys at law—Actions constituting unauthorized practice of law—Application for admission without examination to practice law in Ohio—Applicants should not use potentially misleading designations while awaiting admittance to the Ohio Bar—Applicant may not use designation "General Counsel" or "Managing Counsel," when.*

An applicant for admission without examination to the practice of law in Ohio or any other person not admitted to the practice of law in Ohio may not use the designation "General Counsel," "Managing Counsel," or any other term implying that the individual is already admitted to the practice of law in Ohio unless that person provides a disclaimer in any letterhead or other oral or written communication stating that the individual is not licensed to practice law in Ohio.

(No. 97-1924—Submitted January 14, 1998—Decided April 29, 1998.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 155.

———————

{¶ 1} Applicant, Betty Roberts Stage, applied for admission without examination in Ohio on March 29, 1996. The Bar Admissions Joint Committee of the Cuyahoga County Bar Association and the Cleveland Bar Association interviewed Stage and on August 1, 1996, recommended her approval. Following this recommendation, the Admissions Office of the Supreme Court of Ohio began receiving letters containing various allegations regarding Stage which, if true, would adversely reflect upon her fitness to practice law in Ohio. On January 15, 1997, the Secretary of the Board of Commissioners on Character and Fitness of the

Supreme Court ("board") appointed a panel of commissioners to conduct a hearing regarding her character and fitness, which was held in Cleveland, on April 22, 1997.

{¶ 2} The affidavits and averments submitted in Stage's application for admission without examination disclose that Stage was admitted to practice law in Florida in 1981; admitted without examination to the United States Court of Appeals for the Federal Circuit in October 1985; and admitted without examination to the District of Columbia Bar on June 29, 1987. She is presently a member in good standing of both the Florida and District of Columbia Bars.

{¶ 3} Testimony at the hearing revealed that on or about January 1996, the Cuyahoga Metropolitan Housing Authority ("CMHA") tendered an offer of employment to Stage for the position of "General Counsel" for the agency. The offer of employment was conditioned upon her making application for admission and being admitted to practice law in the state of Ohio. Stage began her employment as "General Counsel" for CMHA on January 16, 1996, and allegedly made application to the Ohio Supreme Court for admission without examination at that time.

{¶ 4} The primary focus of the hearing centered on whether Stage was engaging in the unauthorized practice of law in Ohio, or holding herself out as an attorney licensed in Ohio. Since Stage began her employment as "General Counsel" for CMHA in January 1996, she and her employer have consistently used the designation of "General Counsel" or "Legal Counsel" when referring to Stage, regardless of whether the reference is (1) internal to CMHA (time cards which designate Stage as "legal counsel"), (2) to outside counsel and claim adjusters both in-state and out-of-state (letters signed by Stage as General Counsel for CMHA), or (3) to the general public (newspaper article and awards referring to Stage as "General Counsel" for CMHA).

{¶ 5} Stage candidly admitted that the majority of the correspondence coming out of her office at CMHA under her signature has the designation of

"General Counsel" under her name. She justifies her use of the title "General Counsel," stating that "that's the title that [she has] in the organization" and "[t]hat's the functional title of the position." However, Stage informed various officers and management of CMHA, as well as other employees of CMHA, that she is not yet admitted to practice law in Ohio. Further, Stage presented testimony that she has disclosed to CMHA and its employees that she will not and cannot provide legal advice to CMHA. Stage advised the CMHA Board of Commissioners that until such time as she was admitted to practice law in Ohio, her duties as "General Counsel" would be limited to those of manager of the Legal Department. In addition, CMHA's professional liability carrier was notified that Stage was not admitted to practice law in Ohio, but that an application for admission was pending.

{¶ 6} In addition to the use of the title "General Counsel" in correspondence and in other documents, there was also testimony that each morning Stage has meetings with the six staff attorneys who work in the legal department of CMHA to discuss their schedules for the day. However, Stage denies giving the staff attorneys direction as to how to proceed with respect to legal pleadings; rather, James J. Van Bergen, the former Acting General Counsel and current Director of Human Resources for CMHA, is available for such consultation.

{¶ 7} A majority of the panel filed a report and recommendation with the board, finding that Stage had met her burden by clear and convincing evidence that she presently possesses the requisite character and fitness to practice law in the state of Ohio and, therefore, recommended that her motion to be admitted without examination be approved. One of the three panel members dissented from the majority's opinion, finding that Stage had taken a very casual and cavalier attitude toward the use of titles such as "General Counsel" and "Attorney at Law." The dissenting panelist believed that Stage did not demonstrate by clear and convincing evidence that she was not engaged in the unauthorized practice of law as required by Gov.Bar R. I(9)(A)(4) for admission without examination.

**{¶ 8}** At a meeting of the full board of commissioners, the board determined that Stage had failed to meet her burden by clear and convincing evidence that she possesses the present character, fitness, and moral qualifications for admission to the practice of law in Ohio. In particular, the board believed that Stage did not demonstrate by clear and convincing evidence that she was not engaged in the unauthorized practice of law because of her use of the designation of "General Counsel" or "Legal Counsel" when she was not yet admitted to practice law in Ohio. At the meeting of the full board, one of the panelists who originally joined in the majority panel report and recommendation switched his vote and expressed his agreement with the dissenting panelist and with the final recommendation of the full board.

———————————

*Mary L. Cibella*, for applicant.

*Ralph T. Skonce, Jr.,* for Cuyahoga County/Cleveland Bar Admissions Joint Committee.

*Christley, Herington & Pierce* and *James R. Silver*, Special Investigator, for the Board of Commissioners on Character and Fitness.

———————————

**LUNDBERG STRATTON, J.**

**{¶ 9}** "An applicant may apply for admission to the practice of law in Ohio without examination if * * * the applicant has not engaged in the unauthorized practice of law." Gov.Bar R. I(9)(A)(4).

**{¶ 10}** The applicant in this case used the title "General Counsel" on agency letterhead as well as the title "Attorney at Law" on her personal stationery when she was not licensed to practice law in Ohio. The issue before this court is whether these actions constitute the unauthorized practice of law in Ohio. We hold that they do.

**{¶ 11}** R.C. 4705.07 provides:

"No person who is not regularly licensed to practice law in the state shall hold himself out in any manner as an attorney at law, or shall represent himself either orally or in writing, directly or indirectly, as authorized to practice law.

"The use of 'lawyer,' 'attorney at law,' 'counselor at law,' 'law,' 'law office,' or other equivalent words by any person not licensed to practice law, in connection with his own name, or any sign, advertisement, card, letterhead, circular, or other writing, document, or design, the evident purpose of which is to induce others to believe such person to be an attorney, constitutes holding out within the meaning of this section."

{¶ 12} In addition, DR 2-102(A)(4) of the Code of Professional Responsibility provides:

"A lawyer or law firm may be designated as 'General Counsel' or by similar professional reference on stationery of a client if the lawyer or the firm devotes a substantial amount of professional time in the representation of that client. * * * "

{¶ 13} DR 2-101(A) provides:

"A lawyer shall not, on his or her own behalf or that of a partner, associate, or other lawyer affiliated with the lawyer or the lawyer's firm, use, or participate in the use of, any form of public communication, including direct mail solicitation, that:

"(1) Contains any false, fraudulent, misleading, deceptive, self-laudatory, or unfair statement."

{¶ 14} As cited by the Board of Commissioners on Character and Fitness in its September 12, 1997 report, Board of Commissioners on Grievances and Discipline Opinion No. 89-37 provides:

"The Code of Professional Responsibility does not prohibit an attorney admitted in another state from being listed on an Ohio law firm's letterhead provided the jurisdictional limitations are indicated. An attorney admitted in another state and awaiting admission to the Ohio bar is not permitted to hold

himself or herself out as an attorney licensed to practice law in Ohio. An attorney licensed to practice in another state and waiting to be admitted in Ohio is not permitted to give legal advice directly to clients in Ohio even if the jurisdictional limitations are disclosed. * * * ''

{¶ 15} In a second opinion, No. 90-13, the Board of Commissioners on Grievances and Discipline held:

"Under DR 2-102(A)(4), a lawyer who devotes a substantial amount of professional time to a client may appear on the client's letterhead and be designated as 'general counsel' or similar professional reference. The same lawyer may also sign correspondence using a client's letterhead, with or without being listed on the letterhead provided there is a clear designation of the lawyer's professional status."

{¶ 16} The third relevant opinion of the Board of Commissioners on Grievances and Discipline, Opinion No. 89-11, provides:

"Non-lawyer employees of a law firm may use the firm's letterhead as long as under their signature they indicate their capacity with clarity, including indicating that they are not licensed to practice law."

{¶ 17} Based upon the above opinions, the Board of Commissioners on Character and Fitness found that Stage should have had a disclaimer at least on her letterhead indicating that she was not licensed to practice law in Ohio. We agree.

{¶ 18} Stage contends that she and CMHA orally informed officers, management, and employees of CMHA, as well as outside counsel, that she was not yet admitted to practice law in Ohio. Further, she contends that the article submitted to local newspapers referring to her as General Counsel for CMHA was submitted without her prior knowledge and approval. However, protecting the public is the primary goal in prohibiting the unauthorized practice of law. While Stage's colleagues were well aware of her status, members of the public may not have been so informed because written communications to the public made no mention of her pending status.

**{¶ 19}** Since this error was brought to the applicant's attention, she has added a disclaimer to her agency letterhead indicating that she is not licensed to practice in Ohio, and CMHA has changed her title to that of "Managing Counsel." In addition, she has ceased using the title "Attorney at Law" on her personal stationery. Changing her title to "Managing Counsel" would not have been enough to satisfy this court's requirement that attorneys in these circumstances inform the public that they are not yet licensed in Ohio, as the designation of "Counsel" still conveys the impression of being a licensed attorney. However, the use of the disclaimer with either title fulfills this burden because it conveys her pending status to the public.

**{¶ 20}** We concur in the board's finding that when an individual is not admitted to the practice of law in Ohio, the use of the term "General Counsel" without a disclaimer stating that the individual is not licensed to practice law in Ohio constitutes the unauthorized practice of law. Because of the danger of misleading the public, the better practice would be not to use titles such as "General Counsel" or "Managing Counsel" at all until the applicant is admitted to practice law in Ohio. Thus, to avoid confusion regarding whether an individual is an attorney licensed to practice in the state of Ohio, applicants should not use such potentially misleading designations while awaiting admittance to the Ohio Bar.

**{¶ 21}** Accordingly, we hold that an applicant for admission without examination to the practice of law in Ohio or any other person not admitted to the practice of law in Ohio may not use the designation "General Counsel," "Managing Counsel," or any other term implying that the individual is already admitted to the practice of law in Ohio unless that person provides a disclaimer in any letterhead or other oral or written communication stating that the individual is not licensed to practice law in Ohio.

**{¶ 22}** In the case at bar, there was no evidence that Stage actively engaged in the unauthorized practice of law beyond mere use of the inappropriate

designations. Because the circumstances do not indicate a deliberate attempt to mislead and because the applicant has either ceased using or added a disclaimer to the inappropriate designations, we find that the applicant has the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio. The court will now consider her pending application for admission without examination pursuant to Gov.Bar R. I(9)(F).

*Character, fitness*
*and moral qualifications*
*approved.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____