IN RE APPLICATION OF STAGE.

[Cite as *In re Application of Stage* (1998), 81 Ohio St.3d 554.]

(No. 97–1924—Submitted January 14, 1998—Decided April 29, 1998.)

556

*Mary L. Cibella,* for applicant.

*Ralph T. Skonce, Jr.,* for Cuyahoga County/Cleveland Bar Admissions Joint Committee.

*Christley, Herington & Pierce* and *James R. Silver,* Special Investigator, for the Board of Commissioners on Character and Fitness.

LUNDBERG STRATTON, J.

"An applicant may apply for admission to the practice of law in Ohio without examination if * * * the applicant has not engaged in the unauthorized practice of law." Gov.Bar R. I(9)(A)(4).

The applicant in this case used the title "General Counsel" on agency letterhead as well as the title "Attorney at Law" on her personal stationery when she was not licensed to practice law in Ohio. The issue before this court is whether these actions constitute the unauthorized practice of law in Ohio. We hold that they do.

R.C. 4705.07 provides:

"No person who is not regularly licensed to practice law in the state shall hold himself out in any manner as an attorney at law, or shall represent himself either orally or in writing, directly or indirectly, as authorized to practice law.

"The use of 'lawyer,' 'attorney at law,' 'counselor at law,' 'law,' 'law office,' or other equivalent words by any person not licensed to practice law, in connection with his own name, or any sign, advertisement, card, letterhead, circular, or other writing, document, or design, the evident purpose of which is to induce others to believe such person to be an attorney, constitutes holding out within the meaning of this section."

In addition, DR 2–102(A)(4) of the Code of Professional Responsibility provides:

"A lawyer or law firm may be designated as 'General Counsel' or by similar professional reference on stationery of a client if the lawyer or the firm devotes a substantial amount of professional time in the representation of that client. * * * "

DR 2–101(A) provides:

"A lawyer shall not, on his or her own behalf or that of a partner, associate, or other lawyer affiliated with the lawyer or the lawyer's firm, use, or participate in the use of, any form of public communication, including direct mail solicitation, that:

"(1) Contains any false, fraudulent, misleading, deceptive, self-laudatory, or unfair statement."

As cited by the Board of Commissioners on Character and Fitness in its September 12, 1997 report, Board of Commissioners on Grievances and Discipline Opinion No. 89–37 provides:

"The Code of Professional Responsibility does not prohibit an attorney admitted in another state from being listed on an Ohio law firm's letterhead provided the jurisdictional limitations are indicated. An attorney admitted in another state and awaiting admission to the Ohio bar is not permitted to hold himself or herself out as an attorney licensed to practice law in Ohio. An attorney licensed to practice in another state and waiting to be admitted in Ohio is not permitted to give legal advice directly to clients in Ohio even if the jurisdictional limitations are disclosed. * * * "

In a second opinion, No. 90–13, the Board of Commissioners on Grievances and Discipline held:

"Under DR 2–102(A)(4), a lawyer who devotes a substantial amount of professional time to a client may appear on the client's letterhead and be designated as 'general counsel' or similar professional reference. The same lawyer may also sign correspondence using a client's letterhead, with or without being listed on

the letterhead provided there is a clear designation of the lawyer's professional status."

The third relevant opinion of the Board of Commissioners on Grievances and Discipline, Opinion No. 89–11, provides:

"Non-lawyer employees of a law firm may use the firm's letterhead as long as under their signature they indicate their capacity with clarity, including indicating that they are not licensed to practice law."

Based upon the above opinions, the Board of Commissioners on Character and Fitness found that Stage should have had a disclaimer at least on her letterhead indicating that she was not licensed to practice law in Ohio. We agree.

Stage contends that she and CMHA orally informed officers, management, and employees of CMHA, as well as outside counsel, that she was not yet admitted to practice law in Ohio. Further, she contends that the article submitted to local newspapers referring to her as General Counsel for CMHA was submitted without her prior knowledge and approval. However, protecting the public is the primary goal in prohibiting the unauthorized practice of law. While Stage's colleagues were well aware of her status, members of the public may not have been so informed because written communications to the public made no mention of her pending status.

Since this error was brought to the applicant's attention, she has added a disclaimer to her agency letterhead indicating that she is not licensed to practice in Ohio, and CMHA has changed her title to that of "Managing Counsel." In addition, she has ceased using the title "Attorney at Law" on her personal stationery. Changing her title to "Managing Counsel" would not have been enough to satisfy this court's requirement that attorneys in these circumstances inform the public that they are not yet licensed in Ohio, as the designation of "Counsel" still conveys the impression of being a licensed attorney. However, the use of the disclaimer with either title fulfills this burden because it conveys her pending status to the public.

We concur in the board's finding that when an individual is not admitted to the practice of law in Ohio, the use of the term "General Counsel" without a disclaimer stating that the individual is not licensed to practice law in Ohio constitutes the unauthorized practice of law. Because of the danger of misleading the public, the better practice would be not to use titles such as "General Counsel" or "Managing Counsel" at all until the applicant is admitted to practice law in Ohio. Thus, to avoid confusion regarding whether an individual is an attorney licensed to practice in the state of Ohio, applicants should not use such potentially misleading designations while awaiting admittance to the Ohio Bar.

Accordingly, we hold that an applicant for admission without examination to the practice of law in Ohio or any other person not admitted to the practice of law in Ohio may not use the designation "General Counsel," "Managing Counsel," or any other term implying that the individual is already admitted to the practice of law in Ohio unless that person provides a disclaimer in any letterhead or other oral or written communication stating that the individual is not licensed to practice law in Ohio.

In the case at bar, there was no evidence that Stage actively engaged in the unauthorized practice of law beyond mere use of the inappropriate designations. Because the circumstances do not indicate a deliberate attempt to mislead and because the applicant has either ceased using or added a disclaimer to the inappropriate designations, we find that the applicant has the requisite character, fitness, and moral qualifications for admission to the practice of law in the state of Ohio. The court will now consider her pending application for admission without examination pursuant to Gov.Bar R. I(9)(F).

*Character, fitness
and moral qualifications
approved.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.