No. 93,129

In the Matter of Kathy A. Stover, *Respondent.*

(104 P.3d 394)

Opinion filed January 21, 2005.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam*: This is an original uncontested proceeding in discipline. The formal complaint charged respondent, Kathy A. Stover, with violating KRPC 1.1 (2004 Kan. Ct. R. Annot. 342) (competence), KRPC 1.7 (2004 Kan. Ct. R. Annot. 391) (conflict of interest: general rule), KRPC 1.8 (2004 Kan. Ct. R. Annot. 396) (conflict of interest: prohibited transactions), KRPC 5.5 (2004 Kan. Ct. R. Annot. 469) (unauthorized practice of law), and KRPC 8.4 (2004 Kan. Ct. R. Annot. 485) (misconduct). The hearing panel concluded that Stover violated these rules and that the facts as alleged in the formal complaint were sufficient to support a finding that Stover violated KRPC 3.4 (2004 Kan. Ct. R. Annot. 449) (fairness to opposing party and counsel) and Supreme Court Rule 211(b) (2004 Kan. Ct. R. Annot 275).

"In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. [Citation omitted.] Any attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. [Citations omitted.]

"This court views the findings of fact, conclusions of law, and recommendations made by the disciplinary panel as advisory, but gives the final hearing report the same dignity as a special verdict by a jury or the findings of a trial court. Thus, the disciplinary panel's report will be adopted where amply sustained by the evidence, but not where it is against the clear weight of the evidence. [Citations omitted.]" *In re Lober*, 276 Kan. 633, 636-37, 78 P.3d 442 (2003).

Stover was licensed to practice in Kansas and Missouri. Her Kansas license was suspended because she failed to pay the inactive attorney registration fee. At the time of the hearing, Stover lived in Wisconsin and was never licensed to practice law in Wisconsin.

The hearing panel made the following findings of fact:

Stover offered to serve as a professional and business manager and attorney to Michael Jahnz, a professional musician. Michael agreed. Stover created business cards and web pages that listed her as his manager and attorney.

Michael and his wife, Jennifer, requested Stover's help in settling a dispute with a contractor. The contractor was hired to repair the Jahnzes' roof but caused more damage to the home. Stover took photographs of the damages, drafted a letter to the contractor, spoke by telephone with the contractor's insurer, and made demands on behalf of Mr. and Mrs. Jahnz. Stover took no further action. The Jahnzes did not pay the contractor, and the contractor eventually filed a lien against the property. Stover refused to return the photographs.

During the course of representing Michael in his music career, Stover's behavior became increasingly bizarre. Once, Michael appeared on a radio talk show and dedicated a song to his wife. Stover became very upset, claiming the song should have been dedicated to her. Eventually, the Jahnzes felt that Stover failed to adequately promote Michael's music career and terminated the business relationship with her.

Thereafter, Stover began to terrorize the Jahnzes. Specifically:

"Respondent entered Mr. and Mrs. Jahnz' residence without permission at times when they were not at home; [on one occasion, the Respondent took the Jahnzes' dog]; the Respondent repeatedly intercepted electronic mail addressed to Mr. Jahnz; the Respondent wrongfully maintained unauthorized internet web sites in Mr. Jahnz' name; the Respondent published Mr. Jahnz' name, portrait, picture, or likeness for advertising and trade purposes without permission; the Respondent published original works of music created by Mr. Jahnz without permission; . . . the Respondent refused to the return property belonging to Mr. Jahnz; [and the Respondent made repeated phone calls and sent many letters, specifically threatening to force the Jahnzes into bankruptcy]."

To escape Stover's harassment, the Jahnzes changed their telephone numbers. Finally, after having to file bankruptcy, the Jahnzes filed a civil suit in Wisconsin against Stover. The Jahnzes alleged that Stover "(1) violated [their] right to privacy, (2) engaged in false advertising, (3) committed legal malpractice, (4) breached

her fiduciary duty to Mr. and Mrs. Jahnz, (5) retained property unlawfully, and (6) committed slander against Mr. and Mrs. Jahnz."

The district judge ordered that Michael Jahnz be allowed access to Stover's computer to discontinue websites and reassign websites to Michael. Stover would not allow access to her computer and refused to execute the necessary assignment. The district judge found her in contempt of court and sentenced her to 6 months in jail. The district judge informed her that she would be released if she signed the assignment and allowed access to her computer. Stover replied by laughing. She was then jailed.

The district judge also determined that Stover committed perjury. In her deposition, Stover admitted to refusing to allow Michael access to her computer; however, before the district court, she stated she did not refuse access.

The civil case was ultimately decided in favor of the Jahnzes. Their attorney notified the Kansas Disciplinary Administrator of Stover's conduct.

The office of the Disciplinary Administrator filed a formal complaint, which was sent by certified mail to Stover. She signed the return receipt but did not file an answer.

During the disciplinary hearing, the panel was notified that Stover was hospitalized. The Disciplinary Administrator, Stanton Hazlett, called the hospital and confirmed Stover's hospitalization.

The hearing continued despite Stover's absence. Hazlett pointed out that Stover had been the subject of two prior disciplinary cases. Stover was informally admonished on both occasions.

Hazlett informed the panel that Stover had appealed the Wisconsin district court's decision. He recommended that Stover be disbarred but requested that the panel's decision be held in abeyance until the outcome of that appeal. The panel agreed. After the hearing, Hazlett notified Stover of the hearing's outcome.

The Wisconsin Court of Appeals later affirmed the district court decision in an unpublished decision. Stover did not seek further review.

Hazlett wrote to the hearing panel and requested the addition of subsequent exhibits, including the Wisconsin Court of Appeals decision. The hearing panel issued a scheduling order, directing

Stover to file any written objections to the Disciplinary Administrator's additional exhibits and to file a written closing argument that included a disciplinary recommendation. Stover did not respond to the scheduling order.

The hearing panel arrived at the following conclusions of law:

The Disciplinary Administrator complied with Supreme Court Rule 215 (2004 Kan. Ct. R. Annot. 292), which states that "[s]ervice upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail." Stover had adequate notice of the proceedings against her.

The formal complaint alleged that Stover violated KRPC 1.1, KRPC 1.7, KRPC 1.8, KRPC 5.5, and KRPC 8.4. In addition, the panel deemed it appropriate to consider whether Stover violated KRPC 3.4.

KRPC 1.1 requires that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." 2004 Kan. Ct. R. Annot. 342. Stover violated KRPC 1.1 by falsely holding herself out as an attorney licensed to practiced law in Wisconsin and by failing to provide adequate representation in the Jahnzes' dispute with the contractor.

KRPC 1.7(b) states that "[a] lawyer shall not represent a client if the representation of that client my be materially limited by the . . . lawyer's own interests." 2004 Kan. Ct. R. Annot. 391. Stover violated KRPC 1.7(b) because "Respondent's obsession with Mr. Jahnz clouded her ability to provide appropriate representation."

KRPC 1.8(a) states that "[a] lawyer shall not . . . knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to the client unless . . . the client consents in writing thereto." 2004 Kan. Ct. R. Annot. 396. Stover violated KRPC 1.8(a). She acquired an interest adverse to the Jahnzes by creating websites that used Michael's name and likeness without his written permission.

KRPC 3.4 states:

"A lawyer shall not:

"(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. . . .

"(b) falsify evidence . . .

"(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." 2004 Kan. Ct. R. Annot. 449.

Stover violated "KRPC 3.4(a) when she refused to allow Mr. Jahnz . . . access to her computer[,] . . . KRPC 3.4(b) when she testified falsely before [the district judge, and] . . . KRPC 3.4(c) when she failed to execute the irrevocable assignments as ordered."

KRPC 5.5(a) states that "[a] lawyer shall not: (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." 2004 Kan. Ct. R. Annot. 469. Stover violated KRPC 5.5(a) by holding herself out as licensed to practice law in Wisconsin, and she engaged in the practice of law in Wisconsin without a Wisconsin license.

KRPC 8.4 states: "It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice; . . . [or] (g) engage in any other conduct that adversely reflects on the lawyer's fitness to practice law." 2004 Kan. Ct. R. Annot. 485. Stover violated KRPC 8.4(c) by testifying falsely before the district judge. The panel also found that Stover violated KRPC 8.4(d) when she refused to comply with the district court's orders. In addition, the panel concluded that by "testifying falsely, refusing to comply with the orders of the Court, and engaging in a pattern of behavior designed to harass and intimidate Mr. Jahnz," Stover violated KRPC 8.4(g).

Supreme Court Rule 211(b) states that "[t]he respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint." 2004 Kan. Ct. R. Annot. 275. Stover violated Supreme Court Rule 211(b) by failing to file an answer to the formal complaint.

Regarding its recommended discipline, the panel considered the following factors based on the American Bar Association's Standards for Imposing Lawyer Sanctions (ed. 1991) (Standards):

*"Duty Violated.* The Respondent violated her duty to her client to provide competent representation, the Respondent violated her duty to her client to avoid conflicts of interest, the Respondent violated her duty to the public to maintain personal integrity, and the Respondent violated her duty to the legal system to refrain from making false statements.

*"Mental State.* The Respondent intentionally violated her duties.

*"Injury.* As a direct result of the Respondent's misconduct, Mr. and Mrs. Jahnz have suffered and will continue to suffer actual injury."

The panel found the following aggravating factors:

"Prior Disciplinary Offenses. The Respondent has been informally admonished on two previous occasions: [In the first action, her credibility was in issue, and the panel determined that she violated the Model Rules of Professional Conduct Rule (MRPC) 1.3, MRPC 1.4, MRPC 1.16, and Kan. Sup. Ct. R. 207. In the second action, the panel found that respondent violated KRPC 1.1, KRPC 1.3, and KRPC 1.4].

"Dishonest or Selfish Motive. [The district judge] concluded that the Respondent provided false testimony. Accordingly, the Hearing Panel concludes that the Respondent's misconduct was motivated by dishonesty and selfishness.

"Pattern of Misconduct. The Respondent repeatedly refused to comply with court orders. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.1, KRPC 1.7, KRPC 1.8, KRPC 3.4, KRPC 5.5, KRPC 8.4, and Kan. Sup. Ct. R. 211. As such, the Respondent committed multiple offenses.

"Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The Respondent failed to file an Answer. In her response to the initial complaint, the Respondent took no responsibility for her actions.

"Refusal to Acknowledge Wrongful Nature of Conduct. The Respondent has failed to acknowledge the wrongful nature of her conduct.

"Vulnerability of Victim. Mr. and Mrs. Jahnz relied on the Respondent to provide adequate and thorough representation. Mr. and Mrs. Jahnz were vulnerable to Respondent's misconduct.

"Substantial Experience in the Practice of Law. The Respondent was admitted to the practice of law in the state of Kansas in 1985. At the time the Respondent committed the misconduct, the Respondent had been practicing law for approximately 15 years. As such, the Hearing Panel concludes that the Respondent has substantial experience in the practice of law.

"Indifference to Making Restitution. The Respondent has made no attempt to purge the contempt and comply with the [district court's] orders.

"Illegal Conduct. [The district judge] concluded that the Respondent testified falsely and, therefore, committed the felony crime of perjury."

The panel found no mitigating circumstances.

The panel also considered the following Standards:

Standard 5.11:

"Disbarment is generally appropriate when: (a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, [or] misrepresentation . . ."

Standard 6.11:

"Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding."

Standard 6.21:

"Disbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer or another, and causes serious injury or potentially serious injury to a party, or causes serious or potentially serious interference with a legal proceeding."

The panel unanimously recommended disbarment.

Since her initial communication with the Disciplinary Administrator, Stover has not filed a brief in this case nor did she appear before this court. The panel's findings of fact and conclusions of law remain uncontested.

The panel considered KRPC 3.4, although violation of this rule was not charged in the formal complaint. Under certain circumstances, violations not included in the formal complaint may be considered by the hearing panel. *In re Swisher*, 273 Kan. 143, 148, 41 P.3d 847 (2002); *State v. Caenen*, 235 Kan. 451, 681 P.2d 639 (1984). "Due process requires only that the charges must be sufficiently clear and specific to inform the attorney of the misconduct charged, but the State is not required to plead specific rules, since it is the factual allegations against which the attorney must defend." *Caenen*, 235 Kan. at 458. "Where the facts in connection with the charge are clearly set out in the complaint a respondent is put on notice as to what ethical violations may arise therefrom." *Caenen*, 235 Kan. 451, Syl. ¶ 3.

Paragraph 3 of the formal complaint detailed Stover's behavior leading to her contempt of court. The facts of this case support the panel's conclusion that Stover had adequate notice of the potential to be found in violation of KRPC 3.4.

The panel also found Stover in violation of KRPC 5.5(a) (2004 Kan. Ct. R. Annot. 469). KRPC 5.5(a) states: "A lawyer shall not: . . . practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." The panel did not cite the rules violated in Wisconsin. Our research demonstrates that Wisconsin Supreme Court Rule 20:5.5 deals with the unauthorized practice of law. When Stover falsely held herself out as licensed to practice law in Wisconsin, she violated this rule.

We adopt and affirm the findings of fact made and the conclusions of law drawn by the hearing panel. Further, we agree with the panel's recommended discipline of disbarment.

IT IS THEREFORE ORDERED that Kathy A. Stover be and she is hereby disbarred from the practice of law in the state of Kansas, that her privilege to practice law in the state of Kansas is revoked, and that the Clerk of the Appellate Courts of Kansas strike the name of Kathy A. Stover from the roll of attorneys licensed to practice in the state of Kansas.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas reports, that the costs herein be assessed to the Respondent, and that the Respondent forthwith comply with Supreme Court Rule 218 (2004 Kan. Ct. R. Annot. 301).

GERNON and LUCKERT, JJ., not participating.

ALLEN, S.J., and LARSON, S.J., assigned.[1]

---

[1] **REPORTER'S NOTE:** Senior Judges Adrian Allen and Edward Larson were appointed to hear case No. 93,129 vice Justices Gernon and Luckert pursuant to the authority vested in the Supreme Court by K.S.A. 20-2616.