2014 ND 176

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Joan MEIDINGER.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**Joan Meidinger, Respondent.**

**No. 20140131.**

Supreme Court of North Dakota.

Sept. 18, 2014.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1]   The Supreme Court has before it the Amended Findings of Fact, Conclusions of Law, and Recommendation by a hearing panel of the Disciplinary Board recommending Joan Meidinger be suspended for one month, she be barred from future pro hac vice admission in North Dakota, and she pay the costs and expenses of the disciplinary proceedings for violation of N.D.R. Prof. Conduct 5.5(a), N.D.R. Prof. Conduct 5.5(c), and N.D.R. Lawyer Discipl. 1.2. We suspend Meidinger for one month, bar her from future pro hac vice admission in North Dakota, and order her to pay the costs and expenses of the disciplinary proceedings in the amount of $513.50.

[¶ 2]   Meidinger was admitted to practice law in Minnesota in October 2006. Although Meidinger has never been admitted to practice in North Dakota, her law office is located in Fargo, North Dakota. Since December 2009, Meidinger has requested and been granted pro hac vice admissions in 17 matters in North Dakota courts. She was previously disciplined for violation of N.D.R. Prof. Conduct 5.5(d).

[¶ 3]   Because Meidinger has practiced law for more than five years, she is eligible to apply for admission by motion in North Dakota. In an August 2012, letter, the North Dakota State Board of Law Examiners strongly encouraged Meidinger to become licensed in North Dakota because her appearances were more than occasional. Despite that letter, Meidinger has not applied for admission in North Dakota.

[¶ 4]   We previously reviewed this matter based on the findings of fact, conclusions of law, and recommendations by the hearing panel filed April 11, 2014. The hearing panel recommended that Meidinger be suspended for one month and that she pay the costs and expenses of the disciplinary proceedings. We requested a response from the hearing panel as to why, in addition to suspension, Meidinger should not be barred from further pro hac vice admission in North Dakota. In response, on May 30, 2014, the hearing panel filed its amended findings of fact, conclusions of law, and recommendations, in which it now also recommended Meidinger be barred from further pro hac vice admission in North Dakota.

[¶ 5]   Meidinger was served a summons and petition for discipline on January 3, 2014. She failed to answer the petition, otherwise respond, or request to be heard in mitigation. After Disciplinary Counsel moved for default, the hearing panel issued its findings of fact, conclusions of law, and recommendations. The hearing panel concluded Meidinger's conduct violated N.D.R. Prof. Conduct 5.5(a), which provides that a lawyer admitted in another jurisdiction, but not in this jurisdiction, shall not practice law in North Dakota if practicing within North Dakota violates the regulation of the legal profession in North Dakota; N.D.R. Prof. Conduct 5.5(c), which provides that a lawyer who is

not licensed in this jurisdiction, but who establishes an office here and whose presence is not temporary, is only allowed to practice in North Dakota under limited circumstances; and N.D.R. Lawyer Discipl. 1.2(A)(1), which provides that a lawyer may be disciplined for violating or attempting to violate the North Dakota Rules of Professional Conduct.

[¶ 6] In recommending a sanction, the Hearing Panel considered N.D. Stds. Imposing Lawyer Sanctions 9.22(b), dishonest or selfish motive; Standard 9.22(c), a pattern of misconduct; Standard 9.22(d), multiple offenses; and Standard 9.22(i), substantial experience in the practice of law. Under N.D. Std. Imposing Lawyer Sanctions 8.0, the hearing panel also considered Meidinger's disciplinary history to determine sanctions.

[¶ 7] The hearing panel recommended Meidinger be suspended for one month, she be barred from future pro hac vice admission in North Dakota, and she pay the costs and expenses of the disciplinary proceedings.

[¶ 8] The amended findings of fact, conclusions of law, and recommendations by the hearing panel was served on April 11, 2014, and forwarded to the Supreme Court. Objections to the Report were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 9] **ORDERED,** that the amended findings of fact, conclusions of law, and recommendations of the hearing panel are adopted.

[¶ 10] **IT IS FURTHER ORDERED,** that Meidinger is SUSPENDED from the practice of law in North Dakota for one month effective October 1, 2014.

[¶ 11] **IT IS FURTHER ORDERED,** that Meidinger is barred from future pro hac vice admission in North Dakota.

[¶ 12] **IT IS FURTHER ORDERED,** that Meidinger pay the costs and expenses of these disciplinary proceedings in the amount of $513.50, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530, within 60 days of entry of judgment in this matter.

[¶ 13] **IT IS FURTHER ORDERED,** that Meidinger must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 14] **IT IS FURTHER ORDERED,** that reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.

[¶ 16] The Honorable Lisa Fair McEvers, being disqualified, did not participate in this decision.