2015 ND 217

**In the Matter of the Petition for Leave to Appeal by Benjamin Loren GERBER.**

**Benjamin Loren Gerber, Petitioner**

v.

**Disciplinary Board of the North Dakota Supreme Court, Respondent.**

**No. 20150032.**

Supreme Court of North Dakota.

Aug. 25, 2015.

Scott K. Porsborg, Bismarck, ND, for petitioner.

Brent J. Edison (argued), Disciplinary Staff, Fargo, ND, and Kara J. Johnson (on brief), Disciplinary Staff, Bismarck, ND, for respondent.

PER CURIAM.

[¶ 1] Gerber appeals a decision of the Disciplinary Board of the Supreme Court, affirming the Inquiry Committee West determination to admonish him for violating N.D.R. Prof. Conduct 5.5, relating to the unauthorized practice of law. We conclude clear and convincing evidence establishes that Gerber violated N.D.R. Prof. Conduct 5.5(d) and order that Gerber be admonished.

I

[¶ 2] From about September 2010 until late October or early November 2011, Gerber worked as a "staff attorney" in the Bismarck office of Fredrikson & Byron, P.A., a law firm based in Minneapolis, Minnesota. While in Bismarck, Gerber worked as a registered lobbyist, conducted title research, and assisted in drafting title opinions. Although Gerber was admitted to practice law in Minnesota in October 2010, Gerber has never been licensed to practice law in North Dakota. The Fre-

drikson firm announced Gerber's hiring in a news release:

For Immediate Release
Fredrikson & Byron Hires Five Attorneys
Minneapolis, MN December 9, 2010—Fredrikson & Byron announces five attorneys joined the firm to support the growing practice in the Bismarck office: ... Benjamin L. Gerber....

....

Gerber is a government relations specialist in the Government Relations Group and staff attorney in the Energy Group. Gerber works with clients to understand their goals and legislative needs and devises a practical strategy to help them achieve success. He also works as a representative between the client and the North Dakota Legislature, the Governor's office, state agencies, and other federal and local government officials. Gerber's energy practice focuses on title examination and oil and gas law.

[¶ 3] At the firm, Gerber worked as a "staff attorney" and a "government relations specialist" and represented Fredrikson's clients before the North Dakota Legislature as a registered lobbyist. He was supervised by an attorney in Fredrikson's Minneapolis office. Gerber also researched title issues and assisted in drafting title opinions under the supervision of an attorney in the Bismarck office. A supervising attorney reviewed, revised, approved and signed the final title opinions. Gerber did not obtain or retain his own clients, other than with respect to his lobbying activities, provide any legal advice independent of his supervising attorneys, or perform any work for Fredrikson's clients without their supervision.

[¶ 4] In October 2011, before leaving the firm, Gerber completed an application for admission to the North Dakota bar.

Concerned about Gerber's work at Fredrikson as a "staff attorney," the State Board of Law Examiners requested he provide more information. Gerber responded to the request by affidavit in March 2012, describing his position as a "government relations attorney" and "staff attorney" with the Fredrikson firm in Bismarck and explaining his duties including title opinion research and lobbying work. Gerber also noted reasons for his separation from the firm in the affidavit, stating, "I was not happy with a position as a title exam attorney." In April 2012, the State Board of Law Examiners spoke informally with Gerber by telephone. Gerber subsequently withdrew his application because he had obtained other employment in Minnesota.

[¶ 5] In September 2012, the State Board of Law Examiners sent a letter to the Disciplinary Board concerning Gerber and the Fredrikson firm "for violations of N.D.R. Prof. Conduct 5.5(a) and (e), as it is apparent from the information provided to the State Board of Law Examiners that Gerber, through Fredrikson & Byron, established a permanent office in Bismarck, North Dakota, and practiced law within the State for approximately 13 months without a license." In September 2012, the Inquiry Committee West opened a file to investigate whether Gerber had violated N.D.R. Prof. Conduct 5.5(a). Gerber filed a written response, explaining his work at the firm and arguing it did not constitute the practice of law.

[¶ 6] In a June 2013 notice of disposition, the Inquiry Committee concluded the allegations that Gerber violated N.D.R. Prof. Conduct 5.5(a), (b), and (c) could not be sustained against Gerber and dismissed the complaint. In July 2013, Disciplinary Counsel appealed to the Disciplinary Board, citing N.D.R. Prof. Conduct 5.5(a) and (d), and arguing Gerber was held out to the public as entitled to practice law and working on legal matters as a "staff attorney" in a law office located in North Dakota for 13 months constituted the unauthorized practice of law. Disciplinary Counsel asserted the Inquiry Committee's contrary interpretation was wrong as a matter of law and requested the Disciplinary Board to remand the matter back to the Inquiry Committee. In a November 2013 letter, the Disciplinary Board advised the parties the Board had reversed the Inquiry Committee's decision and remanded for the Inquiry Committee to consider offering Gerber consent probation.

[¶ 7] In March 2014, Gerber filed an additional written response to the Inquiry Committee to consider on remand. In his March 5, 2014, letter, Gerber argued that he did not engage in the practice of law in North Dakota and no evidence showed Gerber held himself out to the public as being licensed in North Dakota. After its March 2014 meeting, the Inquiry Committee concluded Gerber "had violated the provisions of Rule 5.5, N.D.R. Prof. Conduct, when he engaged in work as an attorney in this state, but did not secure a temporary license to practice law." The Inquiry Committee extended to Gerber an offer of consent probation, but Gerber declined. At its June 2014 meeting, the Inquiry Committee further considered the matter, and in a June 25, 2014, notice of disposition, reaffirmed its earlier conclusion that Gerber had "engaged in the unauthorized practice of law, in violation of Rule 5.5, N.D.[R.] Prof. Conduct, when he worked as a staff attorney in Bismarck between October 2010 and November 2011. The Committee determined that discipline in the form of an admonition is appropriate."

[¶ 8] In July 2014, Gerber appealed the Inquiry Committee's decision to the Disciplinary Board, which the Board considered

at its September 2014 meeting. In a September 24, 2014, letter the Chair of the Disciplinary Board advised Gerber's attorney the Disciplinary Board had affirmed the Inquiry Committee's disposition and approved the decision to impose an admonition. In February 2015, Gerber filed a petition with this Court for leave to appeal the Disciplinary Board's decision affirming the issuance of an admonition, which this Court granted.

## II

[¶ 9] "This Court reviews the substantive evidence and merits of an informal disciplinary disposition de novo on the record." *In re Runge*, 2015 ND 32, ¶ 9, 858 N.W.2d 901. "A violation of the Rules of Professional Conduct must be established by clear and convincing evidence." *Id.; see also Toth v. Disciplinary Bd.*, 1997 ND 75, ¶¶ 10–11, 562 N.W.2d 744. Clear and convincing evidence means "the trier of fact must be reasonably satisfied with the facts the evidence tends to prove and thus be led to a firm belief or conviction." *Disciplinary Bd. v. Hoffman*, 2013 ND 137, ¶ 5, 834 N.W.2d 636 (quotations omitted).

## III

[¶ 10] Gerber argues there is not clear and convincing evidence he violated N.D.R. Prof. Conduct 5.5, prohibiting the unauthorized practice of law, because he did not practice law in North Dakota when he worked as a lobbyist during the 2011 legislative session and when he assisted a licensed attorney at the firm with researching and drafting title opinions. We conclude, however, that whether Gerber violated N.D.R. Prof. Conduct 5.5(d) is dispositive of his appeal.

### A

Rule 5.5, N.D.R. Prof. Conduct, addresses the unauthorized practice of law:

(a) A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

(b) A lawyer admitted to practice in another jurisdiction and not in this jurisdiction, who performs legal services in this jurisdiction on a temporary basis does not engage in the unauthorized practice of law in this jurisdiction when:

(1) the lawyer who is an employee of a client, acts on the client's behalf, or on behalf of the client's commonly owned affiliates, except for work for which pro hac vice admission or registration under Admission to Practice R. 3 is required;

(2) the lawyer acts with respect to a matter that arises out of the lawyer's representation of a client in a jurisdiction in which the lawyer is admitted to practice, except for work for which pro hac vice admission or registration under Admission to Practice R. 3 is required;

(3) with respect to matters for which registration or pro hac vice admission is available under Admission to Practice R. 3, the lawyer is authorized to represent a client or is preparing for a matter in which the lawyer reasonably expects to be so authorized;

(4) with respect to matters, transactions or proceedings pending in or substantially related to this jurisdiction and for which pro hac vice admission is not available under Admission to Practice R. 3, the lawyer is associated in the matter, transaction or proceeding with a lawyer admitted to practice in this jurisdiction who actively participates in the representation of the client in the matter, transaction or proceeding; or

(5) the lawyer performs a service that may be performed by a person without a license to practice law or without other authorization from a federal, state or local governmental body.

(c) A lawyer admitted to practice in another jurisdiction but not in this jurisdiction, who establishes an office or whose presence is other than temporary in this jurisdiction does not engage in the unauthorized practice of law in this jurisdiction when:

(1) the lawyer who is an employee of a client, acts on the client's behalf, or on behalf of the client's commonly owned affiliates, and the lawyer is eligible for and has complied with the lawyer registration rules under Admission to Practice R. 3, or

(2) the lawyer renders services in this jurisdiction pursuant to other authority granted by federal law or a law or Court rule of this jurisdiction.

*(d) A lawyer who is not admitted to practice in this jurisdiction shall not represent or hold out to the public that the lawyer is admitted to practice law in this jurisdiction.* A lawyer who practices law in this jurisdiction under paragraph (b) or (c) shall disclose in writing to the client that the lawyer is not licensed in this jurisdiction.

(e) A lawyer shall not assist another person in the unauthorized practice of law.

(Emphasis added.)

[¶ 11] "Under N.D.R. Prof. Conduct 5.5(d), a lawyer who is not admitted to practice in this jurisdiction is prohibited from representing or holding out to the public that he is admitted to practice law in this jurisdiction." *In re Reinstatement of Stensland,* 2013 ND 244, ¶ 12, 853 N.W.2d 539; *see also In re Disciplinary Action Against Meidinger,* 2014 ND 176,

¶¶ 1–5, 10, 853 N.W.2d 43 (suspending lawyer, despite being admitted in Minnesota, when lawyer had never been admitted to practice in North Dakota, had located her law office in Fargo, had been granted pro hac vice admissions in 17 matters in North Dakota courts, and had previously been disciplined for violating N.D.R. Prof. Conduct 5.5(d)); *In re Disciplinary Action Against Giese,* 2006 ND 13, ¶ 13, 709 N.W.2d 717 (holding "the unauthorized practice of law includes the holding out by a suspended attorney that he is entitled to practice law in this state"). Comment 11 to N.D.R. Prof. Conduct 5.5 explains that "[l]awyers who are not licensed to practice law in this jurisdiction must not represent or hold themselves out to the public as licensed to practice law in this jurisdiction" and that "[p]aragraph (d) requires out-of-state lawyers practicing law in North Dakota under one of the safe harbors in paragraphs (b) and (c) to disclose in writing to their clients that they are not licensed in this state."

[¶ 12] Here, we conclude clear and convincing evidence establishes that Gerber and his law firm held him out as someone authorized to practice law in North Dakota. The Fredrikson firm's news release plainly states Gerber was hired as an attorney in the firm's Bismarck office, identifying him as a "government relations specialist" and a "staff attorney." The release also states Gerber's "energy practice focuses on title examination and oil and gas law." The news release contained no disclaimers alerting the public to the fact that Gerber was not admitted to practice in North Dakota.

[¶ 13] Gerber asserts the Fredrikson firm made these representations to the public and gave him his title and, therefore, the firm's conduct should not be imputed to him. However, a primary concern of N.D.R. Prof. Conduct 5.5 is

protecting the public from the unauthorized practice of law. For example, in *In re Application of Stage*, 81 Ohio St.3d 554, 692 N.E.2d 993, 996 (1998), despite an unlicensed attorney's assertion that an article submitted to local newspapers referring to her as "general counsel" for her organization had been submitted without her prior knowledge and approval, the court found use of the term "general counsel" in the article and on her letterhead without a disclaimer stating she was not licensed to practice law in Ohio constituted the unauthorized practice of law. The court reasoned that "[b]ecause of the danger of misleading the public, the better practice would be not to use titles such as 'General Counsel' or 'Managing Counsel' at all until an applicant is admitted to practice law." *Id.*

[¶ 14] The court in *Stage* ultimately held that "to avoid confusion regarding whether an individual is an attorney licensed to practice in the state," an applicant for admission or any other person not admitted to the bar "may not use the designation 'General Counsel,' 'Managing Counsel,' or *any other term implying the individual is already admitted to the practice of law*" unless that person also provides a disclaimer in "any letterhead or other oral or written communication stating that the individual is not licensed to practice law" in the jurisdiction. *Id.* (emphasis added). Further, as discussed in the Annotated Model Rules of Prof'l Conduct, R. 5.5 annot., at 478 (7th ed.2011), the ABA's Model Rule 5.5(b)(2) similarly bars a lawyer not admitted to practice law in a jurisdiction from "holding out" to the public that the lawyer is:

> Rule 5.5(b)(2) clearly articulates the established rule that a lawyer may not represent that he or she is licensed in a particular jurisdiction if that is not true. Model Rule 5.5, cmts. [4], [21]; *see, e.g.,*

*In re Application for Disciplinary Action Against Giese*, 709 N.W.2d 717 (N.D.2006) (suspended lawyer engaged in unauthorized practice by holding himself out as being authorized to practice); *see also Statewide Grievance Comm. v. Zadora* [62 Conn.App. 828], 772 A.2d 681 (Conn.App.Ct.2001) (advertising alone can constitute unauthorized practice if advertisement is for activity that amounts to legal services, even though advertising includes disclaimers) [*abrogated on other grounds by Brody v. Brody*, 315 Conn. 300, 105 A.3d 887, 888 n. 8 (2015) ]; *In re Stover* [278 Kan. 835], 104 P.3d 394 (Kan.2005) (suspended Kansas lawyer residing in Wisconsin engaged in unauthorized practice by falsely holding herself out as licensed to practice in Wisconsin); *Attorney Grievance Comm'n v. Harris–Smith* [356 Md. 72], 737 A.2d 567 (Md.1999) (lawyer admitted in federal but not state court in Maryland used radio and newspaper advertisements to target prospective bankruptcy clients without noting her ineligibility to practice in Maryland state court); Me. Ethics Op. 189 (2005) (lawyer who maintains office and website holding himself out as able to provide legal services in Maine, although not licensed there, is engaged in unauthorized practice); Or. Ethics Op. 2005–103 (2005) (multistate firm may advertise to Oregon clients the availability of firm lawyers not admitted to Oregon bar, but must make clear that non-Oregon lawyers would be available to render legal services only as allowed by Rule 5.5(c) and (d)); *cf.* S.C. Ethics Op. 05–12 (2005) (lawyer may enter arrangement with out-of-state law firm that specializes in entity formation, but law firm must disclose in all its advertising that its own lawyers are not licensed to practice in South Carolina).

[¶ 15] Here, in addition to the law firm's news release, evidence establishes that Gerber identified himself as a "staff attorney" while working in Bismarck. Gerber self-identified as a "staff attorney" on his application for admission to the North Dakota Bar. He also identified himself as a "staff attorney" and a "government relations attorney" in an affidavit clarifying his duties to the State Board of Law Examiners. Gerber admittedly worked as a "staff attorney" or "government relations attorney" in Fredrikson's Bismarck office for over a year, logging 2,476.40 billable hours, of which 1,686.34 hours were billed to clients. Based on this record, we conclude clear and convincing evidence establishes that Gerber violated N.D.R. Prof. Conduct 5.5(d).

[¶ 16] We have explained that "[u]nnecessary 'stacking' or 'piling on' of rule violations for the same conduct is discouraged." *In re Disciplinary Action Against Carpenter*, 2015 ND 111, ¶ 20, 863 N.W.2d 223. To the extent that the Inquiry Committee and Disciplinary Board's admonishment of Gerber included violation of N.D.R. Prof. Conduct 5.5(a), based on his conduct as a "staff attorney" in the Fredrikson firm's Bismarck office, we do not consider this issue because even if Gerber's conduct violated the rule, the sanction would not be affected. *See id.*

B

[¶ 17] Although not raised as an issue in his brief on the merits, Gerber argued in his brief supporting his petition to this Court for leave to appeal that the Disciplinary Board's decision violated his right to due process.

[¶ 18] An attorney subject to disciplinary proceedings is entitled to procedural due process, including fair notice of the nature of the charges and an opportunity to be heard. *See In re Disciplinary*

*Action Against Overboe*, 2014 ND 62, ¶ 11, 844 N.W.2d 851; *In re Disciplinary Action Against McKechnie*, 2003 ND 22, ¶ 10, 656 N.W.2d 661; *In re Disciplinary Action Against Dvorak*, 1998 ND 134, ¶ 8, 580 N.W.2d 586. While "[p]rocedural due process has modest application at the investigative stage," *N.D. Comm'n on Medical Competency v. Racek*, 527 N.W.2d 262, 265 (N.D.1995) (discussing *In re Ellis*, 504 N.W.2d 559, 562–63 (N.D.1993)), we have also explained that "[t]he due process clause does not require 'a full dress adversary proceeding.'" *In re Application of Lamb*, 539 N.W.2d 865, 867 (N.D.1995).

[¶ 19] In seeking leave to appeal to this Court, Gerber argued the Inquiry Committee and Disciplinary Board violated his due process rights by failing to explain the reasons for concluding he had violated N.D.R. Prof. Conduct 5.5 while working for Fredrikson. He also contended the Disciplinary Board acted arbitrarily, capriciously, and unreasonably in affirming the Inquiry Committee when the decision failed to comply with N.D.R. Lawyer Discipl. 3.1(D)(8), requiring the Disciplinary Counsel to "notify the ... lawyer in writing of the disposition of the complaint and the reasons for the inquiry committee's decision." Gerber contended he did not receive fair notice of the charges for which he was admonished and the Inquiry Committee should have explained the specific conduct constituting the unauthorized practice of law to comport with due process requirements. He also argued the Inquiry Committee and Disciplinary Board's decisions were conclusory, making N.D.R. Prof. Conduct 5.5(a) unconstitutionally vague as applied to Gerber because the Inquiry Committee was employing an impermissibly vague definition of unauthorized practice of law.

[¶ 20] Gerber asserted that this Court could remedy the alleged denial of his

right to due process merely by granting his petition for leave to appeal so he could have the opportunity to fully and fairly argue his case. We granted leave for Gerber to appeal to this Court for him to present his arguments regarding whether the Disciplinary Board erred in approving the decision that he had violated N.D.R. Prof. Conduct 5.5. *See* N.D.R. Lawyer Discipl. 3.1(D)(8) ("The determination of the board may be the subject of a petition for leave to appeal to the court, but leave will not be granted unless the person seeking leave to appeal shows that the board acted arbitrarily, capriciously, or unreasonably.").

[¶ 21] Nonetheless, Gerber seems to take issue on appeal with whether a violation of N.D.R. Prof. Conduct 5.5(d) had been raised in this matter. Gerber contended in his petition for leave that neither the Inquiry Committee nor the Disciplinary Board specifically found he had violated N.D.R. Prof. Conduct 5.5(d), arguing the Inquiry Committee and Disciplinary Board "ostensibly" did not take issue with Gerber's "staff attorney" job title, but rather that Gerber's specific conduct constituted the unauthorized practice of law. He also asserts in his brief on the merits that "[t]he sole allegation made by the Inquiry Committee and Disciplinary Board is that 'Mr. Gerber engaged in the unauthorized practice of law, in violation of Rule 5.5[,] N.D.R. Prof. Conduct, when he worked as a staff attorney in Bismarck between October 2010 and November 2011.'" To the extent Gerber suggests to this Court, however, that he was unaware a violation of N.D.R. Prof. Conduct 5.5(d) was at issue in this appeal, we find his argument unavailing.

[¶ 22] Here, after the Disciplinary Board reversed the Inquiry Committee's initial decision and remanded to consider offering consent probation, Gerber had the opportunity to retain counsel, and he and his attorney appeared at the Inquiry Committee's March 2014 meeting. In a letter dated March 5, 2014, submitted to the Inquiry Committee, Gerber specifically cited and addressed N.D.R. Prof. Conduct 5.5(d), contesting that he had been held out as an attorney to the public. In both the Inquiry Committee's March and June 2014 notices of disposition, the Inquiry Committee stated Gerber had violated N.D.R. Prof. Conduct 5.5. When Gerber appealed to the Disciplinary Board, he submitted to the Board a September 3, 2014, letter that specifically incorporated his earlier March 5, 2014, letter. Gerber was also granted the opportunity to appeal to this Court, and he again responded to the assertion he violated N.D.R. Prof. Conduct 5.5(d) in his reply brief.

[¶ 23] Based on this record, we conclude Gerber has failed to establish a lack of fair notice of the charge against him and conclude he had sufficient opportunity to be heard to comport with due process. We therefore conclude Gerber's right to due process was not violated.

## IV

[¶ 24] In deciding the appropriate sanction, we are guided by the North Dakota Standards for Imposing Lawyer Sanctions, and we consider each disciplinary matter on its own facts. *See In re Disciplinary Action Against Feland*, 2012 ND 174, ¶ 41, 820 N.W.2d 672. When imposing a sanction, we consider: "(a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." N.D. Stds. Imposing Lawyer Sanctions 3.0. Generally, "[a]dmonition is discipline appropriate for misconduct that is of a nature that protection of the public does not warrant public discipline. Admo-

nition is a form of non-public discipline that does not limit the lawyer's right to practice." N.D. Stds. Imposing Lawyer Sanctions 2.5. *See also* N.D. Stds. Imposing Lawyer Sanctions 5.14 ("Admonition is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law."); N.D. Stds. Imposing Lawyer Sanctions 7.4 ("Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence in determining whether the lawyer's conduct violates a duty owed to the profession, and causes little or no actual or potential injury to a client, the public, or the legal system.").

[¶ 25] Although this Court has recognized an admonition is intended to be a nonpublic form of discipline, *see* N.D. Stds. Imposing Lawyer Sanctions 2.5, and ordinarily would be issued by an Inquiry Committee, *see* N.D.R. Lawyer Discipl. 2.4(E)(3), we have acknowledged that any sanction this Court imposes will be de facto public. *See Feland,* 2012 ND 174, ¶ 46, 820 N.W.2d 672 As we explained, "Although there may be little or no distinction between the practical effect of a reprimand or an admonition when the 'private' admonition is announced in a published opinion of this Court, the distinction is important to the extent that the sanction defines the severity of the offense on the lawyer's disciplinary record." *Id.* We conclude an admonition is the appropriate sanction in this case.

### V

[¶ 26] We conclude Gerber violated N.D.R. Prof. Conduct 5.5(d), and we order that he be admonished.

[¶ 27] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J.

CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, concur.