Filed 3/20/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 72

In the Matter of the

Petition for Leave to

Appeal of Robert V. Bolinske

----------------------------------------

Robert V. Bolinske, Petitioner

v.

Disciplinary Board of the

Supreme Court of North Dakota, Respondent

No. 20170333

Appeal from the Disciplinary Board’s decision.

AFFIRMED.

Per Curiam.

Robert V. Bolinske, Sr., Bismarck, ND, petitioner.

Kara J. Erickson, Bismarck, ND, for respondent.

Petition of Bolinske

No. 20170333

Per Curiam.

[¶1] 
Attorney Robert V. Bolinske, Sr. appeals a decision of the Disciplinary Board of the Supreme Court, affirming the Inquiry Committee West 
decision to admonish him for violating the North Dakota Rules of Professional Conduct and the North Dakota Code of Judicial Conduct.  Bolinske argues the disciplinary procedure violated his right to due process.  We affirm.

I

[¶2] In 2016 Bolinske campaigned for a seat on the Supreme Court.  As part of his campaign Bolinske issued a press release alleging in part that certain members of the judiciary hid court records from the public.  He claimed a petition for a supervisory writ he filed with this Court against a district court judge was purposely hidden or misfiled under the docket number of another case on this Court’s website.

[¶3] A disciplinary complaint was filed against Bolinske, alleging his press release violated the North Dakota Rules of Professional Conduct.  Bolinske denied that his conduct was unethical.  Bolinske appeared at a March 2017 meeting before the Inquiry Committee West and provided the committee with documentary evidence he claimed supported his position.  The Inquiry Committee found Bolinske violated N.D.R. Prof. Conduct 8.2(a), relating to making false statements concerning the qualifications or integrity of a judge, and N.D. Code Jud. Conduct 4.3(A)(1), requiring judicial candidates to act with impartiality, integrity and independence.  The Inquiry Committee issued Bolinske an admonition, determining the allegations made in his press release were made knowingly or with reckless disregard as to their truth or falsity.

[¶4] Bolinske appealed the Inquiry Committee decision to the Disciplinary Board of the Supreme Court, which affirmed the Inquiry Committee’s admonition.  Bolinske appealed to this Court.

II

[¶5] Our review of this proceeding is governed by N.D.R. Lawyer Discipl. 3.1(D), relating to informal district inquiry committee investigations and procedures.  Under N.D.R. Lawyer Discipl. 3.1(D)(8), “[t]he determination of the board may be the subject of a petition for leave to appeal to the court, but leave will not be granted unless the person seeking leave to appeal shows that the board acted arbitrarily, capriciously, or unreasonably.”  “[W]e construe this provision to mean the arbitrary and capricious standard governs our initial decision to grant leave to appeal, and we apply it only in reviewing procedural aspects of the Disciplinary Board’s decision, rather than in reviewing the substantive evidence relied upon to support imposition of disciplinary sanctions.”  
Toth v. Disciplinary Bd.
, 1997 ND 75, ¶ 10, 562 N.W.2d 744.  

[¶6] Although Bolinske raises arguments relating to the substantive evidence and merits of his informal admonition, we granted leave to consider Bolinske’s appeal of the Disciplinary Board’s decision “on the procedural issue of whether the Disciplinary Board acted arbitrarily, capriciously or unreasonably, in affirming the issuance of an admonition by Inquiry Committee West.” 

[¶7] Bolinske argues the Disciplinary Board’s decision affirming the admonition is arbitrary, capricious and unreasonable because its decision does not discuss what facts it considered and contains no analysis.  He contends the Board’s decision did not afford him adequate due process because he was not able to argue his appeal in front of the Board or attend the Board’s meeting at which it considered his appeal.

[¶8] In 
Gerber v. Disciplinary Board
, 2015 ND 217, ¶ 18, 868 N.W.2d 861, this Court addressed procedural due process in disciplinary proceedings:

“An attorney subject to disciplinary proceedings is entitled to procedural due process, including fair notice of the nature of the charges and an opportunity to be heard.  
See In re Disciplinary Action Against Overboe
, 2014 ND 62, ¶ 11, 844 N.W.2d 851; 
In re Disciplinary Action Against McKechnie
, 2003 ND 22, ¶ 10, 656 N.W.2d 661; 
In re Disciplinary Action Against Dvorak
, 1998 ND 134, ¶ 8, 580 N.W.2d 586.  While ‘[p]rocedural due process has modest application at the investigative stage,’ 
N.D. Comm’n on Medical Competency v. Racek
, 527 N.W.2d 262, 265 (N.D. 1995) (discussing 
In re Ellis
, 504 N.W.2d 559, 562-63 (N.D. 1993)), we have also explained that ‘[t]he due process clause does not require “a full dress adversary proceeding.”’  
In re Application of Lamb
, 539 N.W.2d 865, 867 (N.D. 1995).”

[¶9] Under N.D.R. Lawyer Discipl. 3.1(D)(7), a lawyer is allowed an opportunity to appear before the inquiry committee “before entry of any discipline by the district inquiry committee.”  The inquiry committee must notify the lawyer “in writing of the disposition of the complaint and the reasons for the inquiry committee’s decision.”  N.D.R. Lawyer Discipl. 3.1(D)(8).  The lawyer may appeal any disposition by an inquiry committee to the disciplinary board.  
Id.
  The board shall consider the merits of the appeal, and may approve, modify or disapprove of the inquiry committee’s disposition.  N.D.R. Lawyer Discipl. 2.1(H)(1).  The lawyer may also petition for leave to appeal the disciplinary board’s decision to this Court.  N.D.R. Lawyer Discipl. 3.1(D)(8).

[¶10] Here, Bolinske appeared at the March 2017 Inquiry Committee West meeting and provided committee members documents he claimed supported his allegations.  The Committee issued a written notice of disposition to Bolinske explaining its decision to issue an admonition.  As allowed under N.D.R. Lawyer Discipl. 3.1(D)(8), Bolinske appealed the Inquiry Committee’s disposition to the Disciplinary Board.  The Board issued a written decision explaining it considered Bolinske’s appeal and affirmed the Inquiry Committee’s decision to issue an admonition.  Bolinske claims he should have been able to attend the Board’s meeting; however, the disciplinary rules do not provide the opportunity to appear at the Disciplinary Board’s meeting for an appeal in an informal proceeding.  N.D.R. Lawyer Discipl. 3.1(D)(8); 
see also
 N.D.R. Lawyer Discipl. 6.1(A)-(B) (deliberations and minutes from the Disciplinary Board’s meeting, along with documents prepared by Board members, are confidential).  Bolinske also exercised his right under N.D.R. Lawyer Discipl. 3.1(D)(8) to petition for leave to appeal the Disciplinary Board’s decision with this Court.

[¶11] On this record, Bolinske has failed to establish a lack of due process under N.D.R. Lawyer Discipl. 3.1.  He received the process due to him under the rules and had sufficient opportunity to be heard.  Bolinske’s right to due process in this informal disciplinary proceeding was not violated.

III

[¶12] We do not address other arguments raised because they are unnecessary to the decision or are without merit.  The Disciplinary Board’s decision is affirmed.

[¶13] Daniel J. Crothers

Jon J. Jensen

David W. Nelson, S.J.

Lee A. Christofferson, S.J.

[¶14] The Honorable Lee A. Christofferson, S.J., sitting in place of VandeWalle, C.J., disqualified.

[¶15] The Honorable David W. Nelson, S.J., sitting in place of Tufte, J., disqualified.

[¶16] The Honorable Lisa Fair McEvers, J., disqualified herself subsequent to oral argument and did not participate in this decision.